Mary Jo O'Neill  AZ Bar No. 005924
Sally C. Shanley  AZ Bar No. 012251
Michelle G. Marshall  AZ Bar No. 017358
Equal Employment Opportunity Commission
3300 N. Central Ave., Suite 690
Phoenix, Arizona   85012
Telephone:  602-640-5020
Fax:  602-640-5009
Email:  Michelle.Marshall@eeoc.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | CV |
| Plaintiff, | COMPLAINT |
| vs. | |
| Love's Travel Stops & Country Stores, Inc., an Oklahoma corporation, | |
| Defendant. | |

## **NATURE OF THE ACTION**

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a against Love's Travel Stops & Country Stores, Inc., ("Defendant" or "Love's") to correct unlawful employment practices on the bases of sexual harassment and retaliation and to provide appropriate relief to Jeffrey Stone who was adversely affected by such practices.   The Commission alleges Jeffrey Stone was subjected to gender harassment by a female manager at Love's.   The Commission further alleges that after Jeffrey Stone reported the harassment to Love's management officials, he was retaliated against for making the complaint.

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706 (f)(1) and (3)  of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3); and Section 102  of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Arizona.

**PARTIES**

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. Defendant Love's Travel Stops & Country Stores, Inc., an Oklahoma corporation, has continuously been doing business in the state of Arizona and the City of Quartzsite and has at all relevant times had at least fifteen employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

**STATEMENT OF CLAIMS**

6. More than thirty days prior to the institution of this lawsuit, Charging Party Jeffrey Stone filed a Charge of Discrimination with the Commission, alleging that Defendant violated Title VII.  All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Charging Party Jeffrey Stone was employed by Defendant in Quartzsite, Arizona as a Restaurant Manager from approximately December, 2004 to approximately May, 2005.

### FIRST CLAIM: GENDER HARASSMENT

8. Since at least December, 2004, Defendant has engaged in unlawful employment practices at its Quartzsite, Arizona facility in violation of Section 703 (a) of Title VII, 42 U.S.C. § 2000e-2(a), including subjecting Jeffrey Stone to a hostile work environment due to his gender, male, by engaging in gender harassment.

9. The gender harassment to which Defendant subjected Jeffrey Stone includes, but is not limited to Defendant's General Manager repeatedly making derogatory comments about male employees, including referring to them as "useless," and "f…ing lazy men."

### SECOND CLAIM: RETALIATION

10. Since at least May 2005, Defendant has engaged in unlawful retaliatory conduct in violation of Section 704(a) and Title VII, 42 U.S.C. § 2000e-3(a) when it terminated Jeffrey Stone because he reported the unlawful gender harassment by his supervisor to other management officials. The retaliation includes but is not necessarily limited to, terminating Jeffrey Stone because he complained about the unlawful gender harassment.

11. The effect of the practices complained of in paragraphs 8 through 10 above has been to deprive Jeffrey Stone of equal employment opportunities and otherwise adversely affect his status as an employee because of his sex, male, and because he complained about the gender harassment .

12. The unlawful employment practices complained of in paragraphs 8 through 10 above were intentional.

13. The unlawful employment practices complained of in paragraphs 8 through 10 above were done with malice or with reckless indifference to the federally protected rights of Jeffrey Stone.

### **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in discrimination on the bases of gender or retaliation.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for males and anyone who complains about gender harassment, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Jeffrey Stone by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant to make whole Jeffrey Stone by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described in paragraphs 8-10 above, including emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life, in amounts to be determined at trial.

E. Order Defendant to pay Jeffrey Stone punitive damages for its malicious and/or reckless conduct described in paragraphs 8-10 above in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

**JURY DEMAND**

The Commission requests a trial by jury on all questions of fact raised by its complaint.

DATED this 26th day of September, 2007.

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1801 L Street, N.W.
Washington, D.C.  20507


s/ Mary Jo O'Neill_____
MARY JO O'NEILL
Regional Attorney


s/Sally Shanley_____
SALLY C. SHANLEY
Supervisory Trial Attorney


s/Michelle Marshall_____
MICHELLE G. MARSHALL
Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Phoenix District Office
3300 N. Central Ave., Suite 690
Phoenix, Arizona  85012
(602) 640-5020
Attorneys for Plaintiff