UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>vs.<br><br>Love's Travel Stops & Country Stores, Inc., an Oklahoma corporation,<br><br>    Defendant. | **Case No. CV 07 1845 PHX FJM**<br><br>**CONSENT DECREE** |

The United States Equal Employment Opportunity Commission (the Commission or EEOC) filed this action against Love's Travel Stops & Country Stores, Inc., an Oklahoma corporation, ("Love's" or "Defendant") to enforce Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (Title VII) and the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

In the action 2:07-CV-1845 PHX FJM, the EEOC filed a Complaint under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a against Love's Travel Stops & Country Stores, Inc., to correct allegedly unlawful employment practices on the bases of sexual harassment and

retaliation and to provide appropriate relief to Jeffrey Stone who claims to have been adversely affected by such practices. The Commission alleged Jeffrey Stone was subjected to sexual harassment and a hostile work environment due to his sex by a female manager at the Quartzite, Arizona location. The Commission further alleged that after Jeffrey Stone reported the harassment to Love's management officials, he was retaliated against for making the complaint and was terminated.

The parties do not object to the jurisdiction of the Court over this action and waive their rights to a hearing and the entry of findings of fact and conclusions of law. In the interest of resolving this matter and as a result of having engaged in comprehensive settlement negotiations, the parties have agreed that this action should be finally resolved by entry of this Decree.

It is hereby ORDERED, ADJUDGED, and DECREED:

1.  This decree resolves all claims of the Commission against Defendant, including back pay, compensatory and punitive damages, interest, injunctive relief, and attorney's fees and costs arising out of the issues in this lawsuit. The parties agree that this Consent Decree does not constitute an admission of any violation of Title VII of the Civil Rights Act of 1964 as amended.

### INJUNCTION

2.  Defendant, and its officers, agents, employees, successors, assigns and all persons in active concert or participation with it, both at the time that this Decree becomes effective and for the duration of this Decree, are permanently enjoined from (a) sexually harassing any employee or temporary employee and (b) retaliating against any employee or temporary employee because he or she (i) opposes or opposed discriminatory practices made unlawful by Title VII, (ii) files or filed a charge or is assisting or has assisted or is participating or has

participated in the filing of a charge of discrimination, or (iii) assists, assisted, participates or participated in an investigation or proceeding brought under the Federal or State laws prohibiting discrimination or retaliation.

## MONETARY RELIEF

3. In order to resolve all issues and claims of employment discrimination and damages to Mr. Jeffrey Stone ("Stone") which arose or could have arisen from the Complaint filed by the Commission, Defendant agrees to pay $20,000.00 (twenty-thousand dollars) in compromise of the disputed claim.

4. Within ten business days after the Parties receive notice that this Consent Decree has been entered by the Court, Defendant shall pay the gross sum of $20,000.00 to Jeffrey Stone. Defendant shall not condition the receipt of the individual relief on Jeffrey Stone's agreement to (a) maintain as confidential the terms of this decree, (b) waive his statutory right to file a charge with any federal or state anti-discrimination agency, or (c) waive her/his right to apply for a position with Defendant.

5. The payment provided for in Paragraphs Three and Four of this Decree represents settlement of compensatory damages. Defendant shall make no deductions from this amount. Defendant shall issue a United States Internal Revenue Service Form 1099 for the payment no later than January 31, 2009.

6. The payment provided for in Paragraphs Three and Four of this Decree shall be mailed directly by Defendant to Jeffrey Stone at the address supplied by the Commission. Within three business days of issuance of the check, Defendant shall submit a copy of the check and related correspondence to the Regional Attorney, Equal Employment Opportunity Commission, 3300 N. Central Avenue, Suite 690, Phoenix, Arizona 85012.

## OTHER RELIEF

7. Defendant shall expunge from the personnel files of Jeffrey Stone, all references to the charge of discrimination filed against Defendant or to

Stone's participation in this action and all derogatory documents which relate to complaints or investigations of complaints of sexual harassment.

8.  Defendant shall provide Jeffrey Stone with a neutral written employment reference subject to the Commission's approval. The written employment references shall be delivered to the Regional Attorney within thirty (30) days of the entry of this Decree and shall be printed on Defendant's letterhead and signed by Defendant's Director of Human Resources.

9.  Defendant shall institute and carry out policies and practices that help assure a work environment free from sexual harassment of its employees and that allow employees to raise concerns or complaints without retaliation about matters, whether alleged, perceived, or actual, made unlawful by Title VII. To assist Defendant in its efforts to assure a work environment free of sexual harassment and retaliation, Defendant shall take the actions provided in Paragraphs Eleven through Twenty-Three of this Decree.

### DEFENDANT'S CORRECTIVE POLICIES AND PRACTICES

10.  Defendant shall post for the duration of this Decree, in a prominent place frequented by its employees at its Quartzsite, Arizona store, the notice attached as Exhibit A. The notice shall be the same type, style, and size as Exhibit A.

11.  Defendant shall provide training to the employees (whether part-time or full-time), supervisors and managers of its Quartzsite, Arizona store on sexual harassment and retaliation, according to the following terms:

12.  A.  For each year that this Consent Decree is in effect, Love's shall conduct training for all General Managers and District Managers in Arizona, advising them of the requirements and prohibitions of Title VII of the Civil Rights Act of 1964. The training will inform the General Managers and District Managers of the complaint procedure for individuals who believe they have

experienced discrimination. The training will also advise the General Managers and District Managers of the consequences of violating Title VII. The training shall be at least one hour in duration and shall include a question and answer session. No less than sixty (60) days after the training is conducted, Love's shall give written notice to the EEOC as to the date and location of the training, the name of the person providing the training and the substance of the training.

      B.     During the first year, 2009, the seminar-training session shall be conducted within six (6) months of the entry of this Decree and once in the following year of 2010.

13.     Defendant agrees to provide the training material to the EEOC upon written request.

14.     Defendant shall designate, for the duration of this Consent Decree, an organization or person(s) to receive and forward complaints of discrimination from its employees.

15.     Within thirty (30) days of the entry of this decree, Defendant shall create and implement, if such a policy does not already exist, a written policy concerning sexual harassment and retaliation that conforms with the law. This written policy must include, at a minimum:

      A.     A strong and clear commitment to a workplace free of sexual harassment and retaliation;

      B.     Clear and complete definitions of sexual harassment, both quid pro quo and environmental, and retaliation, with relevant examples of each;

      C.     A strong and clear encouragement of persons who believe they have been harassed or retaliated against to come forward;

   D. A description of the consequences, up to and including mandatory counseling and/or termination, that will be imposed upon violators of the policy;

   E. A promise of maximum feasible confidentiality for persons who believe that they have been harassed or retaliated against;

   F. An assurance of non-retaliation for witnesses of sexual harassment and persons who believe they have been sexually harassed;

   G. That sexual harassment by all persons, including management officials, supervisors, vendors, suppliers, third parties, and customers is prohibited and will not be tolerated;

   H. The identification of specific individuals, with their telephone numbers, to whom employees who have been sexually harassed or retaliated against can report the sexual harassment or retaliation, including a written statement that the employee may report the harassment to designated persons outside their chain of management;

   I. That employees are not to discuss sexual conduct and/or sexual jokes while at work;

   J. That no sexually-oriented materials or objects shall be brought on the premises of Defendant;

   K. That physical contact between employees that may be construed as sexual is prohibited on the premises of Defendant;

   L. Assurances that Defendant will investigate sexual harassment and retaliation allegations promptly, fairly, reasonably, and effectively by appropriate investigators and that appropriate corrective action will be taken by Defendant to make victims whole and to eradicate the sexual harassment and retaliation.

  16. These policies, referred to in Paragraphs Fifteen (A)-(L) above, shall be transmitted to Defendant by its Divisional manager and distributed to each current employee of Defendant's Quartzsite Arizona store within ninety (90) days

of the entry of the Decree. These policies shall be distributed to all new employees when hired. These policies also shall be posted in a prominent place frequented by the employees and shall include a toll-free phone number that employees may use to reach individuals designated to receive complaints of discrimination and answer questions concerning discrimination on behalf of Defendant.

17. Defendant shall institute a procedure which evaluates supervisors, managers, and applicable human resources personnel on their performance in responding to complaints of sexual harassment and retaliation. The failure of such an employee to enforce the sexual harassment and anti-retaliation policy must result in disciplinary action up to and including termination.

18. Defendant shall promptly and appropriately investigate all complaints of sexual harassment and/or retaliation. The investigation must include a finding of whether sexual harassment and/or retaliation occurred; a credibility assessment, if necessary; interviews of all potential victims and witnesses identified; and concurrent notes of the investigation. Where the complaint is substantiated, Defendant shall take immediate appropriate corrective action to make sexual harassment and/or retaliation victims whole, to discipline sexual harassers and/or retaliators, and to eradicate the sexual harassment and/or retaliation. If Defendant determines that a victim of sexual harassment has been denied a tangible employment benefit as a result of the harassment, Defendant shall restore the compromised benefit and take such actions as are reasonably necessary to place the employee in the position the employee would have been in absent the discrimination or retaliation.

## REPORTING BY DEFENDANT AND ACCESS BY EEOC

19. Defendant shall report in writing and in affidavit form to the Regional Attorney of the Commission's Phoenix District Office at 3300 North Central Avenue, Suit 690, Phoenix, Arizona 85012, beginning six (6) months from the

date of the entry of this Decree, and thereafter every six (6) months for the duration of the Decree, the following information:

      A.    Any material changes, modifications, revocations, or revisions to its policies and procedures that concern or affect the subjects of sexual harassment and/or retaliation;

      B.    The name, home address, position, and home telephone number of any individual who has brought allegations of sexual harassment and/or retaliation against Defendant's personnel in the State of Arizona, formal or informal, including but not limited to, management officials, vendors, agents, employees and/or customers, during the six (6) months preceding the report. The nature of the complaint, investigatory efforts made by Defendant, and the corrective action taken, if any, shall be specified;

      C.    Confirmation that (i) the Notice required in Paragraph Ten of this Decree was posted and the locations where it was posted, (ii) the policies required in Paragraph Fourteen of this Decree were posted and distributed to each current and new employee, and (iii) the expungement from the personnel files required in Paragraph Seven of this Decree took place, the date of the expungement, and the specific documents expunged;

      D.    A copy of the revised policy required in Paragraph Fifteen of this Decree shall be provided with the first report;

      E.    A copy of the written employment reference mailed pursuant to Paragraph Eight shall be provided with the first report;

20.    The Commission, upon ten (10) days written notice to Defendant's counsel, shall have the right to enter and inspect Defendant's premises to ensure compliance with this Consent Decree and Title VII's prohibition of sexual harassment and retaliation.

## COSTS AND DURATION

21.    Each party shall bear its costs and attorney's fees incurred as a result of this action through the filing of this Decree.

22. The duration of this Decree shall be two (2) years from its entry.

23. In the event that the Commission believes that Defendant has failed to comply with any provision(s) of the Decree, the Commission shall notify Defendant in writing of the alleged non-compliance, which notice shall state that it is being given pursuant to this Paragraph Twenty-four of this Decree and shall be sent by fax and by first-class mail both to the counsel and the corporate officers who sign this Decree on behalf of Defendant, using the fax numbers and addresses shown in connection with their signatures below.

24. Should the Court determine that Defendant has not complied with this Decree, appropriate relief, including extension of this Decree for such a period as may be necessary to remedy Defendant's non-compliance, may be ordered. This Decree shall expire by its own terms at the end of twenty-four (24) months from the date of entry, without further action by the parties.

25. The parties agree to entry of this Consent Decree and judgment subject to final approval by the Court.

APPROVED AND CONSENTED TO:

   _s/Mary Jo O'Neill_
Mary Jo O'Neill, Regional Attorney

_s/Sally C. Shanley_
Sally C. Shanley, Supervisory Trial Attorney


EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Phoenix District Office

Suite 690
3300 North Central Avenue
Phoenix, Arizona 85012
(602) 640-4988
Attorneys for Plaintiff

Loves Travel Stops & Country Stores, Inc.

By: _____

/sNathan Whatley
Nathan L. Whatley
MCAFEE & TAFT
10TH Floor • Two Leadership Square
211 North Robinson
Oklahoma City, OK 73102-7103
Tel: (405) 235-9621
Fax: (405) 228-7365

Attorneys for Defendant

        IT IS SO ORDERED.

        Dated this 8th day of January, 2009.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge

## EXHIBIT A

## NOTICE TO ALL EMPLOYEES OF
## LOVES TRAVEL STOPS

This Notice is posted pursuant to a Consent Decree entered into between Love's Travel Stops, Inc. and the Equal Employment Opportunity Commission (EEOC).

It is unlawful under federal law, Title VII of the Civil Rights Act and state law to discriminate against an employee on the basis of sex, including sexual harassment, in the recruitment, hiring, firing, compensation, assignment, or other terms, and conditions or privileges of employment. Sexual harassment includes unwelcome or offensive sexual advances or touching, requests for sexual favors, or other verbal or physical conduct directed at a person because of her/his sex. It is also unlawful to retaliate against any person because the person protested discriminatory practices or contacted the EEOC or the Arizona Civil Rights Division (ACRD).

Love's shall not discriminate against any employee on the basis of sex, including sexual harassment, and shall not retaliate against any employee for complaining about sexual harassment.

If you believe you have been discriminated against or sexually harassed, you have the right to seek assistance from:

(1) **EEOC**, 3300 North Central Avenue, Suite 690. Phoenix, Arizona 85012
Telephone: (602) 640-5000
TTY: (602) 640-5072
Website (national): www.eeoc.gov; or

(2) **Arizona Civil Rights Division ("ACRD")**
**of the Attorney General's Office**
1275 W. Washington, Phoenix, Arizona, 85007
Telephone: (602) 542-5263
TDD: (602) 542-5002
Toll Free: (877) 491-5742
Toll Free TDD: (877) 624-8090

You have the right to file a charge with the EEOC or ACRD if you believe you are being discriminated against, retaliated against or sexually harassed.

No Retaliation Clause. It is against the law for any action to be taken against you by any supervisory or management official of Love's for: (1) opposing sexual harassment or other discriminatory practices made unlawful by federal or state law; (2) filing a charge or assisting or participating in the filing of a charge of discrimination; or (3) assisting or participating in an investigation or proceeding brought under Title VII. Should any such retaliatory actions be taken against you, you should immediately contact the EEOC or the ACRD at the addresses or telephone numbers listed above.